JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Scott Raskas

**DEFENDANTS**
Lattice Incorporated;, Paul Burgess; ABC Companies 1-10;

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam E. Gersh, Esquire Flaster Greenberg, P.C.
1810 Chapel Avenue West Cherry Hill, NJ 08002
856-382-2246

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391 (b)
Brief description of cause:
Fair Labor

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 06/08/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Adam E. Gersh

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**FLASTER/GREENBERG P.C.**
By:  Adam E. Gersh, Esquire
adam.gersh@flastergreenberg.com
Commerce Center
1810 Chapel Avenue West
Cherry Hill, NJ  08002
(856) 661-1900
(856) 661-1919 (fax)
Attorneys for Plaintiff Scott Raskas

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCOTT RASKAS,<br><br>                    Plaintiff,<br><br> v.<br><br>LATTICE, INCORPORATED; PAUL BURGESS; ABC COMPANIES 1-10; JOHN DOES 1-10,<br><br>                    Defendants. | CIVIL ACTION NO.<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR
STANDARDS ACT, NEW JERSEY WAGE AND HOUR LAW,
NEW JERSEY WAGE PAYMENT LAW, and COMMON LAW**

Plaintiff Scott Raskas ("Raskas" or "Plaintiff"), by his undersigned attorneys, for his Complaint against Defendants Lattice Incorporated ("Lattice"); Paul Burgess ("Burgess"); ABC Companies 1-10; and John Does 1-10 (hereinafter, collectively, "Lattice Parties" or "Defendants"), states as follows:

**PRELIMINARY STATEMENT**

1. This Action arises because Lattice has unlawfully withheld salary from Scott Raskas, who serves as Lattice's Director of Marketing.

-1-

-2-

## PARTIES

2.  Mr. Raskas is an individual and a resident of Cherry Hill Township, Camden County, New Jersey.

3.  Lattice is, upon information and belief, a corporation organized pursuant to the laws of the State of Delaware and with its principal place of business located at 7150 North Park Drive # 500, Pennsauken Township, Camden County, New Jersey 08109.

4.  Mr. Burgess is, upon information and belief, an individual who has served as the President and Chief Executive Officer of Lattice during the term of Raskas's employment to date and is an individual residing in Burlington County New Jersey.

5.  ABC Companies 1-10 are unknown entities operating or otherwise affiliated with Lattice.

6.  John Does 1-10 are unknown individuals who may be individually liable for aiding and abetting Lattice in its unlawful conduct and are deemed responsible as employers under the Fair Labor Standards Act, the New Jersey's Wage Payment Law and Wage and Hour Law, and common law.

## JURISDICTION

7.  This Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

8.  This Court has supplemental jurisdiction over Plaintiff's state law and common law claims pursuant to 28 U.S.C. § 1367.

6763756 v1

## VENUE

9. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because all of the events giving rise to Plaintiff's claims occurred in this District and Defendants are located in this District and have their principal place of business in this District.

## FACTS COMMON TO ALL COUNTS

10. Lattice is in the business of providing inmate management and communications solutions to correctional facilities, including products and services.

11. Lattice is engaged in interstate commerce because, among other things, it has employees engaged in commerce or in the production of goods for commerce, and/or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Lattice has annual gross sales in excess of $500,000.

13. On or about December 2, 2014 Mr. Raskas accepted employment as the Director of Marketing at Lattice.

14. Mr. Raskas accepted the position on a salary basis and was supposed to be an exempt employee.

15. Mr. Raskas was to work as a full-time employee at an executive level.

16. Lattice processes payroll on the 15th and 30th of each month.

17. Since he began his employment with Lattice, Mr. Raskas has dutifully and faithfully performed his role.

18. In fact, in early 2016, at the request of Mr. Burgess, Mr. Raskas took on additional responsibilities related to selling to correctional facilities and managing the activities of the sales team.

19. These activities were not part of his original job description, but Mr. Raskas dutifully and faithfully took them on, without any increase in salary.

20. Mr. Raskas routinely works in excess of 40 hours per week.

21. Mr. Raskas has received only positive feedback about his performance at Lattice.

22. Mr. Raskas has never been subjected to discipline by Lattice.

23. Mr. Raskas has not received any formal or informal warnings or other negative feedback about this performance at Lattice.

24. In short, Mr. Raskas did all that was asked of him and more, and Lattice duly acknowledged his contributions and strong work ethic.

25. Nonetheless, beginning in or about December 2016, Lattice began withholding significant portions of Mr. Raskas's salary from him.

26. Lattice acknowledged that it failed to meet its contractual obligations to pay Raskas and blamed its breach on unfavorable business conditions that created short-term cash flow issues for the business.

27. While Mr. Raskas continued to perform work for Lattice as a faithful employee, Lattice took advantage of the situation by failing to pay Mr. Raskas on an increasingly frequent basis.

28. At all times, Lattice acknowledged that it was underfunding Mr. Raskas's payroll and that the funds were owed to him, however, it failed to pay him the salary he was owed.

29. Mr. Raskas made frequent inquiries about his pay deficit and lodged complaints with Lattice.

30. Lattice responded with empty promises to remedy the shortfall which never came to fruition.

31. Mr. Burgess had the authority to make decisions about paying Mr. Raskas and funding payroll but failed to honor Lattice's obligations to Mr. Raskas.

32. Mr. Raskas was forced to take a loan at an unfavorable interest rate to make ends meet due to the shortfall in pay.

33. But for the actions of Lattice, Mr. Raskas would not have taken this loan.

34. To this day, Mr. Raskas remains employed by Lattice and continues to provide services consistent with his role, even though he has not received his full pay in nearly a year.

35. Past due salary owed to Mr. Raskas is in excess of $85,000.00

36. As a result of the foregoing, Mr. Raskas has suffered and continues to suffer damages.

## COUNT I —BREACH OF CONTRACT

37. Mr. Raskas hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth at length herein.

38. Pursuant to the terms of his employment, Mr. Raskas should have received his full salary paid on the 15th and 30th of each month.

39. By failing to pay Mr. Raskas his salary, Defendants have breached their contractual obligation to Mr. Raskas.

40. As a result of these breaches, Mr. Raskas has suffered, and will continue to suffer, substantial damages.

**WHEREFORE**, Mr. Raskas demands judgment in his favor and requests an award of compensatory damages; consequential damages; liquidated damages; statutory damages; punitive damages; attorneys' fees and costs; and such other relief as the court deems just and equitable.

## COUNT II — NEW JERSEY WAGE PAYMENT LAW

41. Mr. Raskas hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth at length herein.

42. Pursuant to New Jersey's Wage Payment Law, Defendants are liable to Mr. Raskas for the foregoing conduct, including, without limitation, unlawfully withholding his wages, failing to pay him as scheduled, failing to properly withhold, and wage theft.

43. As a result of this unlawful conduct, Mr. Raskas has suffered, and will continue to suffer, substantial damages.

**WHEREFORE**, Mr. Raskas demands judgment in his favor and requests an award of compensatory damages; consequential damages; liquidated damages; statutory damages; punitive damages; attorneys' fees and costs; and such other relief as the court deems just and equitable.

## COUNT III — NEW JERSEY WAGE AND HOUR LAW

44. Mr. Raskas hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth at length herein.

45. Pursuant to New Jersey's Wage and Hour Law, Defendants are liable to Mr. Raskas for the foregoing conduct, including, without limitation, failing to compensate him for overtime because he was improperly characterized as exempt when he was not paid on a salary basis and failing to pay him the minimum wage.

46. As a result of this unlawful conduct, Mr. Raskas has suffered, and will continue to suffer, substantial damages.

**WHEREFORE**, Mr. Raskas demands judgment in his favor and requests an award of compensatory damages; consequential damages; liquidated damages; statutory damages; punitive damages; attorneys' fees and costs; and such other relief as the court deems just and equitable.

## COUNT IV — FAIR LABOR STANDARDS ACT

47. Mr. Raskas hereby incorporates by reference the preceding paragraphs of this Complaint as if same were set forth at length herein.

48. Pursuant to the Fair Labor Standards Act, Defendants are liable to Mr. Raskas for the foregoing conduct, including, without limitation, failing to compensate him for overtime because he was improperly characterized as exempt when he was not paid on a salary basis, failing to pay him the minimum wage, and withholding wages from him.

49. As a result of this unlawful conduct, Mr. Raskas has suffered, and will continue to suffer, substantial damages.

**WHEREFORE**, Mr. Raskas demands judgment in his favor and requests an award of compensatory damages; consequential damages; liquidated damages; statutory damages; punitive damages; attorneys' fees and costs; and such other relief as the court deems just and equitable.

-8-

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

**FLASTER/GREENBERG P.C.**
*Attorneys for Plaintiff Scott Raskas*

Dated:  June 8, 2018     By: */s/ Adam E. Gersh*
                              Adam E. Gersh, Esquire

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**FLASTER/GREENBERG P.C.**
*Attorneys for Plaintiff Scott Raskas*

Dated:  June 8, 2018                     By: */s/ Adam E. Gersh*
                                                     Adam E. Gersh, Esquire

6763756 v1