```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
SCOTT RASKAS,                         1:18-cv-10332-NLH-AMD

          Plaintiff,                  OPINION

     v.

LATTICE, INC., PAUL BURGESS,
JOSEPH NOTO, and TERRY
WHITESIDE,

          Defendants.
```

**APPEARANCES**

ADAM EDWARD GERSH
FLASTER/GREENBERG PC
1810 CHAPEL AVENUE WEST
CHERRY HILL, NJ 08002

   *On behalf of Plaintiff*

DAVID J. SPRONG
BECKER LLC
354 EISENHOWER PARKWAY
EISENHOWER PLAZA II
STE 1500
LIVINGSTON, NJ 07039

   *On behalf of Defendants Lattice, Inc., Paul Burgess, and Terry Whiteside*

DARREN MATHEW PFEIL
SHAMY, SHIPERS & LONSKI, P.C.
334 MILLTOWN ROAD
EAST BRUNSWICK, NJ 08816

   *On behalf of Defendant Joseph Noto*

**HILLMAN, District Judge**

   Plaintiff has lodged a complaint against his former employer

for violations of the federal Fair Labor Standards Act and various New Jersey state laws.  Presently before the Court are the motions of Defendants to dismiss Plaintiff's claims against them.  For the reasons expressed below, the Court will grant Defendants' motions to dismiss as to Plaintiff's FMLA claim, and decline to retain jurisdiction over Plaintiff's remaining state law claims.

## BACKGROUND & DISCUSSION

Plaintiff, Scott Raskas, claims that on December 2, 2014, he accepted employment with Defendant, Lattice Inc., as the Director of Marketing.  Plaintiff claims that he: (1) "accepted the position on a salary basis and was supposed to be an exempt employee"; (2) "was to work as a full-time employee at an executive level"; (3) "in early 2016, . . . [he] took on additional responsibilities related to selling to correctional facilities and managing the activities of the sales team"; and (4) he "dutifully and faithfully performed his role," including the additional duties "without any increase in salary."  (Amend. Compl. at 4, Docket No. 13 at 4.)

Plaintiff alleges that even though he "routinely worked in excess of 40 hours per week," in December 2016, "Lattice began withholding significant portions of [his] salary from him," claiming that "unfavorable business conditions [] created short-term cash flow issues for the business."  (Id. at 5.)  Plaintiff

claims that while he continued to work and perform his duties, and despite his inquiries and complaints, "Lattice failed to pay him the salary he was owed." (Id.)  Plaintiff claims that after working for almost a year without his full salary, Lattice terminated him in retaliation for filing this action to collect his wages.[1]  (Id. at 5-6.)  Plaintiff claims that "[p]ast due salary owed to [him] is in excess of $100,000.00."  (Id. at 6.)

Plaintiff has filed claims against Lattice and three of its corporate officers for breach of contract under New Jersey state law (Count I), violations of New Jersey's Wage and Hour Laws (Counts II and III), violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Count IV), and retaliation under New Jersey's Conscientious Employee Protection Act (Count V).  Plaintiff's purported basis for subject matter jurisdiction is under 28 U.S.C. § 1331 for his FLSA claim, and supplemental jurisdiction under 28 U.S.C. § 1367 for his state law claims.

Three of the Defendants – Lattice, Paul Burgess, and Terry Whiteside - filed an answer to Plaintiff's amended complaint, and then, somewhat incongruously, moved to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction. These Defendants argue that Plaintiff cannot maintain his FLSA

---

[1] Plaintiff filed his original complaint on June 8, 2018 while he was still employed with Lattice.  Plaintiff claims he was terminated on November 27, 2018.

3

claim because he was exempt from the FLSA overtime requirements, and without a viable federal claim, subject matter jurisdiction is lacking. The fourth defendant, Joseph Noto, did not file an answer, but instead filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] Plaintiff opposes Defendants' motions, arguing that he has properly pleaded his FLSA claim, and the issue of whether he is exempt from the FLSA overtime requirements is a factual issue that cannot be resolved on a motion to dismiss. Plaintiff also refutes the other bases for dismissal argued by Noto.

### 1. Standard to Apply to Defendants' Motions

As a primary matter, there is a meaningful and significant difference between the dismissal of a case for lack of subject matter jurisdiction and the dismissal of a federal claim for its failure on the merits. "'Whether the complaint states a cause of action on which relief could be granted is a question of law and ... it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does

---

[2] In addition to challenging the substance of Plaintiff's claims against him, Noto argues that the Court should *sua sponte* impose sanctions pursuant to Fed. R. Civ. P. 11(c) against Plaintiff for adding him to the complaint. Rule 11(c) provides, "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." As we note *infra* while Plaintiff's FLSA count is clearly defective it is not so implausible as to warrant *sua sponte* sanctions nor do we find any other grounds to impose sanctions.

4

later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.'" Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1280 (3d Cir. 1993) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). "'[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Id. at 1280-81 (quoting Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)).

    Here, although coached in the language of a Rule 12(b)(1) motion, the essence of the motion by Lattice, Burgess, and Whiteside is that Plaintiff has failed to assert a plausible FLSA claim on the facts alleged and if this count falls away no separate basis for jurisdiction exists for the other counts. This is a motion to dismiss for failure to state a claim, not a motion to dismiss for lack of subject matter jurisdiction.[3]

---

[3] The group of three Defendants did not assist in adding clarity to the issues raised in their motion when they failed to cite to any federal rule or case law to support their argument that the Court lacks subject matter jurisdiction over Plaintiff's case.

While as explained *infra* the complaint, as pled, clearly fails to assert a FLSA claim, the Court does not conclude that the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit" as to deprive the Court of jurisdiction. Since the three Defendants have filed an answer, the Court will consider their application as Rule 12(c) motion.[4] In contrast, the fourth

---

The Court must nonetheless be careful to properly characterize the motion before it. "A plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. On the other hand, under Rule 12(b)(6) the defendant has the burden of showing no claim has been stated. . . . [T]ransforming a 12(b)(1) motion into a 12(b)(6) motion would deprive the plaintiffs of the procedural safeguards to which they were entitled." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (quotations, citations, and alterations omitted). In Kehr, the defendants filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and the district court granted the motion because it found the RICO claims in plaintiffs' complaints to be legally insufficient. Although the court denominated its order as one under Rule 12(b)(1), it appeared to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The Third Circuit found that even though the plaintiffs recognized defendants' motion to be advanced pursuant to Rule 12(b)(1), they stated that "Plaintiffs are treating the Motion of Defendants entitled a 'Motion to Dismiss' as one filed under Rule 12(b)(6)." The Third Circuit found in that situation there was no harm in treating the district court's dismissal as having been made under Rule 12(b)(6). The Third Circuit stressed, however, that challenges for failure to state a claim ordinarily should be made under Rule 12(b)(6). Id., 926 F.2d at 1408-09.

[4] Because the three Defendants filed an answer to Plaintiff's amended complaint (Docket No. 19), Fed. R. Civ. P. 12(b)(6) is not an available avenue for these three Defendants to challenge

6

defendant, Joseph Noto, did not file an answer, but instead filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The legal standard to be applied to the two motions is the same.[5]

### 2. Assessment of Plaintiff's FLSA claim

The Third Circuit has explained that the "'FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.'" Davis v. Abington Memorial Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1527 (2013)). Under the FLSA, an employer must pay its employees at least a specified minimum hourly wage for work performed, and the employer must pay one and one-half times the employer's regular

---

the sufficiency of Plaintiff's pleadings. See Fed. R. Civ. P. 12(b) ("A motion asserting [the defense of failure to state a claim] must be made before pleading if a responsive pleading is allowed."); Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial."). As a Rule 12 motion, the Court will not consider any of the affidavits and other documents filed by the parties, and instead only focus on the claims in Plaintiff's complaint.

[5] In practical effect, there is no difference between a Rule 12(b)(6) motion and a Rule 12(c) motion. See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991) (because the defendant "filed its motion after it had already filed an answer, the motion must be considered a Rule 12(c) motion. Nevertheless, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings. In this situation, we apply the same standards as under Rule 12(b)(6)").

wage for hours worked in excess of forty hours per week. Id. (citing 29 U.S.C. §§ 206, 207). Employers who violate these provisions are "liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. (quoting § 216(b)). Thus, to recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." Id. (citations and quotations omitted).

Certain employees are exempt from the overtime wage requirements, however. Under 29 U.S.C. § 213(a)(1), "any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary," is exempt from overtime requirements. FLSA exemptions are to be given a fair (as opposed to narrow) interpretation, Depalma v. Scotts Company, LLC, 2019 WL 2417706, at *5 (D.N.J. June 10, 2019) (citing Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142 (2018) (quoting A. Scalia & B. Garner, Reading Law 363 (2012)), and

employers bear the burden to prove that an employee qualifies for an FLSA exemption, Depalma, 2019 WL 2417706 at *6 (citing Mazzarella v. Fast Rig Support, LLC, 823 F.3d 786, 790–91 (3d Cir. 2016); Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 900 (3d Cir. 1991)).

In this case, Plaintiff's FLSA claim alleges:

> 52. Pursuant to the Fair Labor Standards Act, Defendants are liable to Mr. Raskas for the foregoing conduct, including, without limitation, failing to compensate him for overtime because he was improperly characterized as exempt when he was not paid on a salary basis, failing to pay him the minimum wage, and withholding wages from him.
>
> 53. As a result of this unlawful conduct, Mr. Raskas has suffered, and will continue to suffer, substantial damages.

(Docket No. 13 at 8.)

Applying the Rule 12(b)(6) standard to Plaintiff's complaint,[6] the Court accepts as true all of Plaintiff's

---

[6] When considering a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

9

allegations. In doing so, Plaintiff's own allegations compel the conclusion that Plaintiff was an exempt employee and not covered by the FLSA's overtime requirements.

Plaintiff states in his amended complaint that he was a full-time, salaried, executive, exempt "Director of Marketing" who managed the activities of the sales team, among other duties. (Docket No. 13 at 3-6, 8.) Plaintiff claims that over the course of a year, Lattice underfunded Plaintiff's salary in excess of $100,000. (Id. at 6-7.) The Court accepts Plaintiff's averments about himself to be true. As such, Plaintiff's description of his status as an employee with Lattice falls squarely in the FLSA's administrative exemption or

---

Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

executive exemption, or both.[7]

> (a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:
>
>> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . .;[8]
>>
>> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>>
>> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.

> a) The term "employee employed in a bona fide executive

---

[7] The FLSA does not define the term "executive" or "administrative" for purposes of the exemption, but the statute directs the Department of Labor ("DOL") to do so by regulation. See 29 U.S.C. § 213(a)(1). The DOL promulgated a new version of 29 C.F.R. § 541.100(a)(1) regarding the minimum salary requirement. Langston v. Lookout Mountain Community Services, 2019 WL 2372314, at *5 (11th Cir. June 5, 2019) (citing Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 81 Fed. Reg. 32,391, 32,549 (May 23, 2016) (codified at 29 C.F.R. § 541.100(a)(1)). The U.S. District Court for the Eastern District of Texas has held this new version to be invalid. Id. (citing Nevada v. U.S. Dep't of Labor, 275 F. Supp. 3d 795, 807–08 (E.D. Tex. 2017)). Although it appears that the issue is still unresolved and winding its way through the courts, it does not affect the Court's analysis in this case.

[8] A yearly salary at that rate totals $23,660. Plaintiff claims that he is owed at least $100,000 over the course of a year. Even if Plaintiff was not paid at all – a claim that Plaintiff does not make – his salary would be at least $100,000 a year, which readily satisfies this requirement. Failing to pay Plaintiff his salary gives rise to a breach of contract claim. As explained *infra*, it does not compel the conclusion that he becomes a *de facto* hourly employee.

11

capacity" in section 13(a)(1) of the Act shall mean any
employee:

>(1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
>
>(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
>(3) Who customarily and regularly directs the work of two or more other employees; and
>
>(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.[9]

29 C.F.R. § 541.100(a).

The regulations expand on the distinction between "blue collar" and "white collar" employees for purposes of these exemptions. Depalma v. Scotts Company, LLC, 2019 WL 2417706, at *4 (D.N.J. June 10, 2019). The regulations explain that the exemptions do not apply to manual laborers or other "blue collar" workers who perform work involving repetitive operations with their hands, physical skill and energy. 29 C.F.R. §

---

[9] "An employee's suggestions and recommendations may still be deemed to have 'particular weight' even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." 29 C.F.R. § 541.105. Plaintiff does not aver that he had the authority to hire or fire employees, and he does not say he provided suggestions or recommendations to higher level managers regarding the hiring or firing of employees, but Plaintiff states that he managed the sales team, which by implication infers that Plaintiff exercised some control and influence over subordinate employees.

12

541.3(a). The exemptions also do not apply to law enforcement, firefighters, or paramedics, no matter their rank or how highly they are paid. 29 C.F.R. § 541.3(b).

Plaintiff argues that he qualifies for the overtime wage requirements under the FLSA because even though he was "supposed" to be an exempt executive, the non-payment of his full salary rendered him to be "improperly characterized as exempt." (Docket No. 13 at 8.) This position as alleged in Plaintiff's amended complaint is without merit.[10]

Accepting as true that Defendants did not pay Plaintiff his full salary, that circumstance does not convert his executive level position into a nonexempt, non-executive, "blue collar" position. The regulations do not say that if an exempt employee is not paid his full salary for whatever reason, that employee is then considered to be nonexempt. Instead, "exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2.

Regarding Plaintiff's salary, Plaintiff does not plead the

---

[10] In his opposition brief, Plaintiff contends that subject matter jurisdiction may be premised on his FLSA retaliation claim because his status as exempt or nonexempt is not material to that analysis. Plaintiff, however, has not asserted an FLSA retaliation claim in his amended complaint.

13

specific salary he was being paid, but he claims that over a year Defendants withheld $100,000 of his salary. As noted above, see *supra* note 8, to qualify as exempt, an employee must earn at least $455 a week, which amounts to $23,660 a year. The amount of salary allegedly withheld from Plaintiff shows that his total salary easily meets that requirement.[11] Additionally, Plaintiff alleges that Defendants failed "to pay him *the* minimum wage" (Docket No. 13 at 8, emphasis added), which in New Jersey was $8.85 prior July 1, 2019.[12] Plaintiff, however, provides no factual support for that allegation.[13] To the extent that Plaintiff alleges that he was not paid *his* minimum wage, Plaintiff fails to plead the amount of his hourly wage. Both of these deficiencies do not meet the pleading standards under Twombly/Iqbal.

As for the alleged overtime Plaintiff worked, Plaintiff

---

[11] The provision that is currently subject to an injunction barring enforcement, see *supra* note 7, which further provides, "As of December 1, 2016, and until a new rate is published in the Federal Register by the Secretary, [an exempt executive, administrative or professional employee under section 13(a)(1) of the Act] must be compensated on a salary basis at a rate per week of not less than $913." 29 C.F.R. § 541.600. That rate amounts to an annual salary of $47,476. Plaintiff's salary would still qualify under this provision.

[12] See https://www.nj.gov/labor/wagehour/content/general_information.html.

[13] The minimum wage paid for 40 hours of work for 52 weeks totals $18,408 a year.

alleges, "Mr. Raskas routinely worked in excess of 40 hours per week." (Docket No. 13 at 4.) This allegation is also insufficiently pleaded. See Davis v. Abington Memorial Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (concluding that the plaintiffs' allegations were insufficient because "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours," and "[o]f the four named plaintiffs who allege that they 'typically' worked at least forty hours per week, in addition to extra hours 'frequently' worked during meal breaks or outside of their scheduled shifts . . . none indicates that she in fact worked extra hours during a typical (that is, a forty-hour) week").

Regarding Plaintiff's duties, he refers to himself as an executive "Director of Marketing" who managed the activities of the sales team and assumed additional responsibilities related to selling to correctional facilities. Plaintiff does not allege that he performed any "blue collar" or other duties that would fall outside the scope of the FLSA overtime wage exemptions.[14]

---

[14] To qualify for exemption:

> [A]n employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must

15

In sum, Plaintiff is a self-described executive who was hired as an exempt employee on a salary basis. When Plaintiff learned of Lattice's alleged financial difficulties, and was informed that Lattice could not pay him his full salary, Plaintiff voluntarily continued to work there for two years.[15] Plaintiff may be entitled to the salary he earned under the terms and conditions of his employment, but he has failed to state a viable claim that he is a non-exempt employee entitled to overtime pay under the FLSA.

Consequently, the Court will dismiss Plaintiff's FLSA claim. Because the remaining claims in Plaintiff's complaint sound under New Jersey state law and there is no independent basis for subject matter jurisdiction absent the dismissed FLSA claim, the Court will decline to exercise supplemental

---

> be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

29 C.F.R. § 541.700.

[15] Plaintiff's amended complaint alleges that he was not paid his full salary for over a year, but Plaintiff alleges the salary reduction began in December 2016 and continued until he was terminated on November 27, 2018. (Docket No. 13 at 5.)

jurisdiction over those claims.[16] 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be granted. An appropriate Order will be entered.

Date:   July 3, 2019            s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[16] "In enacting section 1367, Congress intended to enhance a district court's ability to gain jurisdiction over pendent claims and parties while providing those courts with the discretion to decline to exercise supplemental jurisdiction in several express circumstances." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 308 (3d Cir. 2003). Importantly, pendent jurisdiction is a doctrine of discretion, not a plaintiff's right. See id. (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

17